**Howard MULLIS, Plaintiff–Appellee,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellant.**

**No. 87–3916.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 30, 1988.

Decided Nov. 23, 1988.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, Michael E. Kerpan, Jr. (argued), Dept. of Health & Human Services, Chicago, Ill., for defendant-appellant.

William D. Snyder (argued), Cincinnati, Ohio, for plaintiff-appellee.

---

Before ENGEL, Chief Judge,
BOGGS, Circuit Judge, and McRAE,
District Judge.*

BOGGS, Circuit Judge.

Appellant, the Secretary of Health and Human Services (the "Secretary"), appeals the order of the district court awarding social security benefits to appellee Howard Mullis. For the reasons stated below, we reverse the district court and affirm the Secretary's decision denying Mullis social security disability benefits.

I

Howard Mullis was born on June 25, 1944. He attended school through the 10th grade but contends he can neither read nor write. He worked as a furniture repairer and deliveryman from 1961–1965 and as an auto body repairman from 1965–1978. Mullis's insured status expired on December 31, 1981. His claim for disability benefits is based on an injury that occurred in an auto accident in 1978. His medical history follows.

Mullis was first treated for his injury immediately after his accident. At that time, he had suffered bilateral injuries at his sixth and seventh vertebrae. In April 1979, he underwent an electromyogram which revealed minimal abnormalities. On July 6, 1979, Dr. Schwetchenou performed a cervical laminectomy in order to alleviate some of these defects. The laminectomy was deemed a success. In January 1983, Dr. Warren found appellee's neurological signs to be intact.

At about this time, the record indicates that Mullis began to work again, though the exact amount of time worked is disputed. The district court accepted Mullis's claim that he had worked from February 28, 1983 to August 5, 1983 as an auto body repairman. Mullis earned approximately $9,000 during this time. Mullis had assist-

ance during this job, but it is unclear whether this was routine procedure or not.

On November 10, 1984, Mullis suffered a mild heart attack. He underwent a cardiac catheterization on November 27, 1984. When he left the hospital, he had diabetes and hypertension, and Dr. Carples described his prognosis as poor. Mullis underwent elective bypass surgery in January 1985. At that time he had a full range of motion but reduced sensation in his right fingers.

Mullis applied for disability on December 26, 1984, claiming his disability began on March 15, 1981.[1] Mullis's application was initially denied on the grounds that he was not disabled at the expiration of his insured status on December 31, 1981. Appellee then sought review by an administrative law judge. On December 5, 1985, ALJ Tiley issued a decision denying appellee's claim. The ALJ stated that he believed that appellee had participated in gainful employment since the onset of alleged disability, that he did not have a severe impairment, and therefore was ineligible for disability benefits. The appeals council then denied his claim for reconsideration and the Secretary's decision became final.

Appellee filed a timely action for review of the Secretary's decision in accordance with 42 U.S.C. § 405(g). The case was referred to a magistrate for a report and recommendation. The magistrate recommended reversal and the district court agreed, stating that the period worked in 1983 was simply a "trial work period" and thus did not defeat appellee's claim for disability. The district court also found that there was not substantial evidence on the record for a finding that appellee was not disabled at the expiration of his insured status. The Secretary appealed to this court.

II

When reviewing the granting or denial of social security benefits, this court is to

---

* The Honorable Robert M. McRae, Jr., Senior United States District Judge for the Western District of Tennessee, sitting by designation.

1. Mullis's first application for disability benefits based upon the same accident was previously denied. That decision is not before this court. This appeal arose from Mullis's second application for disability.

determine whether the Secretary's findings are supported by substantial evidence and whether the Secretary correctly applied the law. *Duncan v. Secretary of Health & Human Services,* 801 F.2d 847, 851 (6th Cir.1986) (citing 42 U.S.C. § 405(g)).

In determining whether a claimant is disabled, the Secretary is to conduct a five-step sequential evaluation process. If it is determined that a claimant is or is not disabled at any point in the review, further review is not necessary. 20 C.F.R. § 404.1520. In the present case, the ALJ found that Mullis had engaged in substantial gainful activity. Because he was unsure whether this defeated Mullis's claim before the alleged commencement of the substantial gainful activity, the ALJ went on to the next step and determined that Mullis did not have a severe impairment. We first consider the ALJ's finding that Mullis engaged in substantial gainful activity in 1983.

■ The court below concluded that Mullis did not engage in substantial gainful activity because the court considered the period of time in which he worked in 1983 to be a "trial work period".

The Secretary correctly points out that there can be no "trial work period" before a claimant files for benefits because a "trial work period" only applies after a person has been adjudged disabled, in order to permit efforts to resume work without jeopardizing benefits if the effort failed. 20 C.F.R. § 404.1592(d); *Cieutat v. Bowen,* 824 F.2d 348, 358–59 (5th Cir.1987); *McMillen v. Califano,* 443 F.Supp. 1362, 1368 (N.D.N.Y.1978). Since Mullis has never been adjudged disabled, strictly speaking, the district court was incorrect in its characterization of Mullis's 1983 work period as a "trial work period". However, this court has held that the concept of a trial work period may be applied to the time before there is an application for disability. *Parish v. Califano,* 642 F.2d 188, 193 (6th Cir.1981). In *Parish,* this court applied the trial work period concept to a woman who had multiple sclerosis. This court found that the disease was in temporary remission when the claimant worked, and that the disease would recur again. *Ibid.*

This court found that the Secretary must give special consideration to the temporary nature of work periods of persons with degenerative diseases such as multiple sclerosis and myasthenia gravis. *Ibid.*

In the present case, the district court made no such finding. Nor did the court relate the concept of the trial work period to the disability of the claimant. There was no indication that the appellee suffered from a degenerative disease such as multiple sclerosis or myasthenia gravis. Therefore, it appears that the district court was also incorrect in applying the concept of a "trial work period" to Mullis's work activity in 1983. However, this does not mean that Mullis was engaged in substantial gainful activity and is therefore ineligible for disability benefits under the first step of the sequential evaluation process. The next consideration is whether the 1983 work period constituted substantial gainful activity.

Any work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity. 20 C.F.R. § 404.1571; 20 C.F.R. § 404.1520. Factors to be considered include amount of pay, length of time worked, and whether the work was conducted in a special work area or with special assistance. 20 C.F.R. § 404.1574.

■ We have no need to discuss the length of time worked as we find Mullis's amount of pay persuasive evidence that he was engaged in substantial gainful activity. The guidelines regarding amount of pay in 20 C.F.R. § 404.1574(b)(2) direct that if a claimant earns over $300/month during the period under consideration, he is presumed to have engaged in substantial gainful activity. In the present case, appellee earned over $9,000 in a 6 to 9 month period, an amount far above the statutory guideline. Furthermore, although the district court took special note of the fact that claimant had assistance during his job, the ALJ found that it was common to have assistance in that job and that claimant's employer treated him no differently from any other employee.

Therefore, the Secretary had substantial evidence to conclude that the claimant had

engaged in substantial work activity during the time of his alleged disability. We next consider the question of whether this substantial gainful activity can defeat Mullis's claim for benefits between the alleged onset of his disability in March 1981 and his commencement of substantial gainful employment in February 1983.

In *Henry v. Gardner,* 381 F.2d 191 (6th Cir.), *cert. denied,* 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), this court interpreted 42 U.S.C. § 416(i)(2)(E) to require that in order to qualify for any benefits, a claimant prove that he was continuously disabled from the date that his insured status expired "until at least twelve months prior to filing his application." As support for this conclusion, this court cited the language of the statute which states that no application for disability benefits shall be accepted if filed more than twelve months after the period of disability ends. *Id.* at 192.

In the present case, we have determined that appellee Mullis engaged in substantial gainful activity from February 28, 1983 to August 5, 1983. This substantial gainful activity ended any disability status that Mullis may have enjoyed until that time. Therefore, Mullis was not continuously disabled during the period from December 31, 1981 (the date of the expiration of Mullis's insured status) to December 26, 1983 (the date twelve months prior to Mullis's application). Mullis is thus ineligible for all disability benefits claimed in his December 26, 1984 application. However, had he filed for benefits as early as February 28, 1984, his claim could have been considered for a period of disability prior to his substantial gainful activity.

Since we agree that Mullis is ineligible for all disability benefits under *Henry v. Gardner,* we need not consider whether or not Mullis has a severe impairment. The decision of the district court is REVERSED, and the Secretary's decision denying social security disability benefits to claimant Howard Mullis is reinstated.