941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert BROOKS, Plaintiff-Appellee,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-5947.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before MERRITT, Chief Judge, BOGGS, Circuit Judge, and HULL, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals the District Court's judgment affirming the final decision of the Secretary denying his application for disability insurance benefits, 42 U.S.C. § 401 et seq., and supplemental security income, 42 U.S.C. § 1381 et seq. As to the denial of disability benefits, we affirm. However, we reverse the Secretary's decision regarding the SSI claim and remand for further proceedings.
 
 BACKGROUND
 
 2
 Plaintiff applied for benefits on June 8, 1987, claiming disability since December 1981. His application was denied initially, on reconsideration, and by the ALJ at a full administrative hearing. Plaintiff was 37 years old when his insured status expired (March 31, 1980) and was 46 years old when the Appeals Council adopted the ALJ's amended decision.
 
 
 3
 From 1966 through 1981, plaintiff performed paving work. Except for brief attempts at carpentry, mechanical work and chainsaw sharpening, he has not worked since 1981. The record reflects that plaintiff has a third grade education and is functionally illiterate.
 
 
 4
 Plaintiff's primary impairments are physical, stemming from a 1974 automobile accident in which he suffered a collapsed lung and fractures of his right forearm, right ankle, and several ribs. He claims residual pain in the arm and wrist, particularly in connection with the metal plates permanently embedded in his arm. He also claims that he suffers from lower back pain due to the accident. Plaintiff additionally claims psychological impairments of major depression and borderline intellectual functioning.
 
 
 5
 In its March 3, 1989 decision, the Appeals Council adopted the ALJ's decision with one exception: it clarified the decision by noting that once a claimant establishes that he cannot perform his past relevant work because of impairments, the burden shifts to the Secretary to show that there exists a significant number of other jobs in the national economy which claimant can perform. See Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). Except for this clarification, the Appeals Council agreed with the ALJ's finding that, although plaintiff could not perform his previous job as a construction laborer, plaintiff could perform numerous jobs in the economy such as a parts inspector, security guard or janitor. Furthermore, the Council concluded that the ALJ otherwise correctly applied applicable law and that the ALJ took into consideration plaintiff's testimony, accepting the fact that plaintiff's nonexertional limitations reduced his capacity to perform medium exertional work.
 
 ANALYSIS
 
 6
 We review the final decision of the Secretary to determine whether the Secretary has complied with the applicable legal criteria and whether substantial evidence exists on the record to support the necessary findings. Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir.1990); Blankenship v. Bowen, 874 F.2d 1116, 1120 (6th Cir.1989). In order to be substantial, the evidence must be such that "a reasonable mind might accept [it] as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971), and it must be "based on the record as a whole." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir.1984) (citation omitted). Because the Appeals Council has reviewed the ALJ's decision, we must review the Council's opinion (and the relevant portions of the ALJ's opinion that it adopts) as the final decision of the Secretary. See Mullen v. Brown, 800 F.2d 535, 538 (1986) (en banc).
 
 I. DISABILITY INSURANCE BENEFITS
 
 7
 Regarding the claim for disability insurance benefits, plaintiff bears the burden of proving that he became disabled prior to the time his insured status expired and that he remained disabled until at least one year prior to his making application for benefits. 42 U.S.C. § 416(i)(2)(E); see Mullis v. Bowen, 861 F.2d 991, 994 (6th Cir.1988) (citation omitted). In plaintiff's case, the relevant period is from March 1980 to June 1986. Hospital reports indicate that plaintiff had a severe car accident in 1974. Although plaintiff returned to work afterwards for approximately four years and apparently sought no medical attention from the time of his accident in 1974 until 1987, the Secretary nonetheless determined that plaintiff was disabled prior to March 1980 and that plaintiff could no longer perform his past job. As a result, the burden of coming forward with evidence of the existence of jobs in the economy shifted to the Secretary. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987). We find that the Secretary met this burden by proffering the testimony of a vocational expert. See id. Importantly, the Secretary found that plaintiff's disability did not continue through June 1986. Reviewing the medical evidence presented by Doctors Sajadi and Barber, and the hypothetical questions asked of the vocational expert, we find substantial evidence to support the Secretary's determination that plaintiff could have performed other jobs in the national economy from 1980 to 1986, based on plaintiff's residual capacity, age education, and past work experience. See 20 C.F.R. § 404.1520(f) (1991). In making this determination, we note that no evidence exists in the record to suggest that plaintiff suffered from other, nonexertional impairments (e.g., severe depression) during this period. Accordingly, we affirm the Secretary's decision to deny disability benefits.
 
 II. SSI CLAIM
 
 8
 Regarding plaintiff's Supplemental Security Income claim, we reverse the Secretary's decision and remand for further proceedings. To establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits in June 1987, or that he became disabled prior to the Secretary's issuing of the final decision on this claim on March 3, 1989. 20 C.F.R. §§ 416.335, 416.330 (1991). Disability may be established by showing that plaintiff is suffering from a medically determinable physical or mental impairment which can be expected to prevent plaintiff from engaging in substantial, gainful employment for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). We agree with the Secretary that substantial evidence existed in the record to support its finding that plaintiff was not physically disabled during this period. Medical evidence from two physicians suggested that plaintiff could perform light or sedentary work; a vocational expert testified in the administrative hearing that a substantial number of such jobs exist in the national economy which plaintiff could physically perform. However, regarding plaintiff's mental impairments during this relevant period, we find fault with the Secretary's determination and therefore remand for further proceedings.
 
 
 9
 In the record, there are two psychological evaluations of plaintiff, one prepared by Dr. Powers and one jointly written by Dr. Smith and Ms. Tyree. Both these reports diagnose plaintiff as suffering from major depression and borderline intellectual functioning during the relevant measuring period for SSI purposes. No other evidence, medical or otherwise, exists in the record to suggest that plaintiff did not suffer from the above-noted mental impairments.
 
 
 10
 As previously discussed, when the Secretary finds that plaintiff can no longer perform his previous work, the Secretary has the burden of showing that plaintiff can perform other substantial gainful employment and that such employment exists in the national economy. 20 C.F.R. § 404.1520(f) (1991). Where the plaintiff has a combination of exertional and nonexertional impairments, as in this case, the Secretary may meet this burden by relying on the favorable testimony of a qualified vocational expert in response to a "hypothetical question" where the question "accurately portrays" plaintiff's mental and physical impairments. See Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir.1987) (citation omitted). Reviewing the vocational expert's testimony before the ALJ, we cannot say that the Secretary proved the existence of appropriate jobs for plaintiff in the national economy. When asked hypotheticals concerning plaintiff's depression, the vocational expert twice testified that, for a claimant with plaintiff's residual physical capacity who also suffered from severe depression, there would exist no appropriate jobs for such a person in the national economy and accordingly that such a person should be deemed disabled for purposes of SSI benefits.
 
 
 11
 Because of the vocational expert's testimony and the undisputed evidence that plaintiff suffered from "major depression," we REVERSE the Secretary's decision denying plaintiff's application for SSI benefits and REMAND for clarification of the question of whether plaintiff's mental impairments were sufficiently "severe" to warrant a finding that no jobs existed in the economy which plaintiff could perform. The District Court's decision regarding plaintiff's application for disability insurance benefits is AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation