956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank CAMPBELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3632.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Campbell appeals the district court's decision affirming the Secretary's denial of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). All counsel of record have waived oral argument.
 
 
 2
 Campbell filed an application for social security disability benefits with the Secretary, alleging that he suffered from alcoholism and a seizure disorder. Following a hearing, the administrative law judge (ALJ) determined that Campbell was not disabled because he had the residual functional capacity to perform his past relevant work. The Appeals Council affirmed the ALJ's decision. Campbell then filed a complaint seeking review of the Secretary's decision. The parties agreed to submit the matter to the magistrate judge for final determination. The magistrate judge concluded that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Campbell has filed a timely appeal.
 
 
 3
 Upon review, we determine that substantial evidence does not exist to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 4
 The ALJ determined that Campbell did not meet the requirements of Listing 12.04 of the Secretary's Listings. Specifically, the ALJ determined that, while Campbell suffered from deficiencies of concentration, persistence or pace that often resulted in failure to complete tasks in a timely manner, these deficiencies did not result in frequent failure to complete tasks in a timely manner. We disagree. Both Dr. Pritt, Campbell's treating physician, and Dr. Quinn, an examining psychologist on behalf of the Social Security Administration, determined that Campbell could not maintain persistence, concentration or work pace. Further, other evidence in the record reveals that Campbell is frequently unable to complete simple tasks, such as grocery errands for his mother.
 
 
 5
 The ALJ appears to have relied on the testimony of the medical expert, Dr. Steinberg, that Campbell does not meet the requirements of this Listing. However, Dr. Steinberg's testimony before the ALJ does not address Campbell's deficiencies of concentration, persistence or pace nor the frequency of his failure to complete tasks in a timely manner. Further, we question the ALJ's reliance on the testimony of a non-treating, non-examining doctor over the medical records and reports of treating and examining doctors. See generally Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984).
 
 
 6
 Accordingly, we determine that Campbell meets the requirements of Listing 12.04. As it is determined that Campbell is disabled at this point in the evaluation process, further review is not necessary. Mullis v. Bowen, 861 F.2d 991, 993 (6th Cir.1988). Therefore, the case is remanded to the district court for remand to the Secretary for an award of benefits. Rule 9(b)(3), Rules of the Sixth Circuit.