978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosie M. SHAW, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2365.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is a social security case involving a claim for disability insurance benefits. The Secretary of Health and Human Services denied the claim, and the claimant sought judicial review. Adopting a recommendation made by a magistrate judge, who concluded that the Secretary's finding of no disability was supported by substantial evidence, the district court granted summary judgment to the Secretary. We shall affirm the district court's judgment.
 
 
 2
 The claimant, Rosie M. Shaw, worked for the Detroit Board of Education as an attendance clerk. In 1981 she suffered a neck injury when a car struck her as she was crossing a street. She had a cervical laminectomy in 1985, returning to work after six months of recuperation. She left the job in June of 1987 and claims that she has been disabled ever since. Ms. Shaw has a history of chest pain, and she underwent a cardiac catheterization in 1986.
 
 
 3
 An administrative law judge found that Ms. Shaw's chest pain and cervical problem (spondylosis) were severe impairments, but that they did not singly or in combination rise to the level of a disability. Ms. Shaw's case turns on the substantiality of the evidence in support of that finding. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Cf. Evans v. Secretary of Health and Human Services, 820 F.2d 161, 164 (6th Cir.1987).
 
 
 4
 Because Ms. Shaw contends that she is disabled by pain, the statutes and regulations concerning the evaluation of pain are particularly relevant. Subjective complaints of pain must be substantiated by objective medical evidence showing the existence of a medical impairment that could reasonably be expected to produce the pain alleged by the claimant, and the evidence of pain must be such that, either singly or in combination with other evidence, it leads to the conclusion that the claimant is disabled. 42 U.S.C. § 423(d)(5)(A). See also 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence ... would lead to a conclusion that you are disabled"). Cf. Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986). Under these standards, and viewing the record as a whole, we are not prepared to say that the Secretary was required to find that Ms. Shaw's pain and other problems were disabling.
 
 
 5
 The magistrate judge noted that following the surgery Ms. Shaw was able to continue working for about 18 months. Ms. Shaw cites several Sixth Circuit cases for the proposition that a claimant with a degenerative disease cannot be punished for attempting to return to work. These cases, however, deal with claimants having episodic illnesses that normally include periods of remission, such as multiple sclerosis or myasthenia gravis. See Wilcox v. Sullivan, 917 F.2d 272, 277 (6th Cir.1990) (multiple sclerosis); Parish v. Califano, 642 F.2d 188, 193 (6th Cir.1981) (multiple sclerosis). But see Mullis v. Bowen, 861 F.2d 991 (6th Cir.1988) (refusing to apply Parish where the claimant made a temporary return to work after back surgery). Ms. Shaw's specific condition, cervical spondylosis, is not episodic. Therefore, her return to work following surgery can properly be taken into account in determining whether she became disabled in June of 1987.
 
 
 6
 Ms. Shaw argues that the ALJ, in rendering his opinion, ignored the cervical spondylosis. The ALJ did refer to Ms. Shaw's 1985 neck surgery and the physical therapy she underwent for her neck in 1987, however, and his opinion contains a specific finding that Ms. Shaw has "severe cervical spondylosis." In his summary of Ms. Shaw's condition, the ALJ wrongly indicated a history of low back pain; his other findings, however, were consistent with the medical evidence submitted by Ms. Shaw's own treating physician. We cannot say that Ms. Shaw's cervical spondylosis was not correctly evaluated.
 
 
 7
 In the course of determining that Ms. Shaw's reported pain was not supported by objective evidence of an underlying medical condition that could be expected to cause the level of pain she reported, the magistrate judge noted that Ms. Shaw might arguably have satisfied the pain standards before her 1985 surgery. Ms. Shaw attempts to bootstrap this statement into a finding that her pain was disabling in 1987. The argument is based upon the erroneous premise that her condition could only be worse after the surgery. We recognize that cervical spondylosis is a degenerative disease, but we also note that Ms. Shaw's treating physician deemed the surgery a success and expressed the opinion that she would be able to return to her previous work. Ms. Shaw must show that the post-surgery pain she was experiencing at the time of her claimed disablement was caused by an underlying medical condition that could be expected to produce the level of pain she reported. The ALJ was entitled to find that she failed to show this. Accordingly, and because we do not find Ms. Shaw's other arguments persuasive, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Court for the Western District of Michigan, sitting by designation