**James VAN WINKLE, Plaintiff–
Appellant,**

v.

**COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.**

No. 00–6294.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2002.

Before GUY and CLAY, Circuit Judges; NUGENT, District Judge.*

## ORDER

James Van Winkle, proceeding through counsel, appeals a district court judgment that affirmed the Commissioner's denial of his claim for social security disability benefits. The court sent the parties a letter inquiring why the case should not be submitted without oral argument, and neither party responded. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 1993, Van Winkle filed a claim for disability benefits with an onset date of December 1, 1988. Van Winkle was forty-seven years old on the alleged onset date, and it is undisputed that his insured status expired at the end of that month.

At a series of hearings before Administrative Law Judges ("ALJ"), Van Winkle testified that, in 1987 and 1988, he suffered from excruciating and episodic spasms in his back muscles. He testified that, between bouts of pain, he did much of the household cooking, but that he was mostly limited to washing dishes and vacuuming the house. He stated that he could stand for thirty minutes, that he could not lift anything, and that he could hardly walk, except for a two-city-block walk to his doctor's office. Van Winkle stated that, on pain-free days in 1987 and 1988, he felt like he could chop down a tree. He stated that, on average, he could lift fifteen or twenty pounds and sit for half an hour. He testified that he could not lift anything on his bad days.

A review of the relevant medical records by the testifying physicians gleaned the following evidence. In May 1987, Van Winkle went to a hospital emergency room with complaints of hand and ankle swelling and migratory joint pain involving his lower back. A clinical examination showed no abnormality, but blood tests indicated the presence of an inflammatory process, possibly osteoarthritis. In August 1988, an X-ray showed the formation of a bone spur on a vertebrae in Van Winkle's back. He was diagnosed with arthritis and treated with Motrin, an anti-inflammatory. On October 3, 1988, he visited his doctor, but he had no complaints. In December 1988, during a follow-up exam concerning his blood pressure, Van Winkle complained of knee and shoulder pain. His range of motion in these areas tested within limits, and he was again treated with Motrin.

The ALJ concluded that, during the relevant period, Van Winkle suffered from fibromyalgia but that it was not severe enough to be listed in Appendix 1, Subpart P, Regulations No.4. The ALJ concluded that, in the light of the testimony of Dr. Goldin, a medical advisor, Van Winkle re-

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

tained the residual functional capacity to perform light work during the period in question. The ALJ did not credit Van Winkle's allegations of disabling pain in the light of the minimal medical treatment he received and the lack of objective medical evidence. The Appeals Council denied Van Winkle's request for review.

The magistrate judge recommended that the district court affirm the Commissioner's denial of disability benefits. Upon de novo review, the district court affirmed the Commissioner's decision that Van Winkle was not disabled as of December 31, 1988.

In his timely appeal from the district court's decision, Van Winkle contends that the Commissioner's decision is not supported by substantial evidence because: (1) the Commissioner did not meet his burden of proof to establish Van Winkle's residual functional capacity to do light or sedentary work, and (2) the opinion of Dr. Kearfott, a treating physician, should have been controlling on the question of disability.

■■■ The standard of review that applies to Van Winkle's case was articulated by this court in *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir.1989):

> Judicial review of the [Commissioner]'s decision is limited to determining whether the [Commissioner]'s findings are supported by substantial evidence and whether the [Commissioner] employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.

*Id.* at 681 (citations omitted). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if a reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983), and even if the claimant's position is also supported by substantial evidence. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc).

Adjudicators use a five-step sequential analysis in making a disability determination. If it is determined that a claimant is or is not disabled at any point in the five-step review, further review is not necessary. 20 C.F.R. § 404.1520; *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir.1988). First, if a claimant is working and engaged in substantial gainful activity, he will not be considered disabled. Second, the claimant must have a severe impairment or combination of impairments that significantly limit his ability to do basic work activities, or he will not be considered disabled. Third, if the claimant has an impairment that meets or equals one of the impairments listed in the regulations, the claimant is presumed to be disabled without further analysis. Fourth, if the claimant has the residual functional capacity to perform "past relevant work," he is not disabled. Fifth, if an individual cannot perform "past relevant work," the residual functional capacity, age, education, and past work experience are considered to determine if other work can be performed. The claimant is entitled to disability benefits only if he is not able to perform other work. § 404.1520(f).

■■■ Substantial evidence supports the Commissioner's decision that Van Winkle, as of December 1998, retained the residual functional capacity to do light work. Giving Van Winkle's claims the benefit of a doubt, they reached the fifth step in the

sequential analysis. That is, the Commissioner acknowledged Van Winkle could no longer work at his previous occupations as a truck driver or laborer; however, relying on the Medi–Vocational Guidelines, the ALJ concluded that Van Winkle could perform the full range of light work. Light work is defined as work that:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

§ 404.1567(b). The medical assessment of Dr. Goldin and Van Winkle's testimony regarding his daily activities indicate an ability to engage in light work as defined by § 404.1567(b).

 Furthermore, the lack of record evidence supports a finding that Van Winkle did not suffer from disabling pain during the relevant period. To determine whether a claimant suffers from debilitating pain, the court applies the following two-part test announced in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir.1986):

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*See also McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1002–03 (6th Cir.1988) (holding that the *Duncan* test applies to the Reform Act of 1984 and to the Commissioner's superseding regulations on pain).

Van Winkle did not suffer from disabling pain during his insured period. Factors in the pain determination include: objective medical evidence of things such as reduced joint motion, muscle spasm, sensory deficit or motor disruption; the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate the pain; treatment, other than medication, received to relieve the pain; any measures used by the claimant to relieve the pain; and other factors concerning the claimant's functional limitations and restrictions due to pain. § 404.1529(c)(2) & (3). There is only minimal objective medical evidence of an underlying medical condition, diffuse arthritis, prior to the expiration of Van Winkle's insured status. The objective medical evidence does not confirm the severity of the alleged pain arising from that condition nor does the evidence show that the condition is so severe as to be expected to produce disabling pain.

 Further, Van Winkle's testimony regarding his daily activities and his use of pain medication belies his claims of disabling pain. An ALJ need not fully credit subjective complaints where there is no underlying medical basis. *See Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir.1984). Van Winkle testified he was able to perform housework

during the insured period. *See Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir.1993) (holding that an ALJ may consider a claimant's household activities in evaluating complaints of disabling pain). The inconsistencies in the medical and other evidence concerning pain levels, the duration of pain, and daily activities were properly resolved by the ALJ and should not be disturbed upon review. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987) (credibility determinations regarding a claimant's subjective complaints rests with the ALJ).

 Van Winkle's claim that the Commissioner gave too little credit to Dr. Kearfott's opinion regarding his disability status is without merit. The medical record indicates that Dr. Kearfott, a treating physician, opined in 1993 that Van Winkle's work abilities were limited by degenerative disc disease that began in 1987. Kearfott stated that, as of 1987, Van Winkle was unable to work because of this disease. Although the Commissioner generally gives more weight to the opinions of treating physicians, a treating physician's opinion regarding disability is not conclusive. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987).

 Dr. Kearfott's diagnosis that Van Winkle was disabled in 1987–1988 was rendered in 1993, and there is a dearth of objective medical evidence to support Kearfott's conclusion. Evidence relating to a time outside the insured period is only minimally probative. *Siterlet*, 823 F.2d at 920. In addition, a doctor's findings regarding ultimate disability cannot be conclusive; the finding of disability is made by the Commissioner, not a physician. *See* § 404.1527(e). The Commissioner may also consider the opinion of nonexamining medical consultants, such as Drs. Goldin and Giesel. § 404.1527(f). Because the opinions of the medical advisors were more consistent with the objective medical evidence and Van Winkle's testimony regarding pain and his daily activities, the Commissioner's discrediting of Dr. Kearfott's findings was not error. It is the Commissioner's function to resolve conflicts in the medical evidence, *see King v. Heckler*, 742 F.2d 968, 974 (6th Cir.1984), and the record reveals that the ALJ considered *all* of the submitted medical evidence in reaching his conclusion that Van Winkle was not disabled. *See* § 404.1527(b) (Commissioner considers all medical evidence). Thus, the ALJ gave sufficient deference to the opinions of Van Winkle's treating physician, even though he discounted her findings regarding Van Winkle's impairments. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir.1988) (per curiam).

Accordingly, we affirm the district court's judgment.