774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lloyd Hall, Plaintiff-Appellant,
v.
Secretary, Department of Health and Human Services,
Defendant-Appellee.
 No. 84-5728
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 E.D.Ky.
 REVERSED AND REMANDED
 On Appeal from the United States District Court for the Eastern District of Kentucky
 BEFORE: KEITH and MARTIN, Circuit Judges, and PHILLIPS,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claimant, Lloyd Hall, appeals from a decision of the United States District Court for the Eastern District of Kentucky granting summary judgment in favor of the Secretary and thus upholding the denial of social security disability benefits. See Hall v. Secretary, Department of Health and Human Services, No. 82-171 (E.D. Ky. May 31, 1984). Claimant originally filed an application for social security disability benefits on January 16, 1980. The medical evidence supported his claim. After a hearing, an administrative law judge (ALJ) found Hall to have been disabled from 1973 to 1975 and from January 1980 to the date of the hearing and awarded benefits to Mr. Hall. The Secretary did not directly appeal this award. Almost two years later, however, the Appeals Council reopened the case and reversed the award on grounds that the January 1980 application was filed too late to entitle Mr. Hall to benefits for the 1973-1975 period, and that absent this close-ended period of disability, Mr. Hall's current uncontroverted disability had begun after the expiration of this insured status.
 
 
 2
 The council's ruling was upheld by the district court on appeal and this appealed followed. For the reasons stated below we reverse and remand for the award of benefits.
 
 DISCUSSION
 
 3
 The only issue to be decided in the instant case is whether or not the evidence considered by the Secretary clearly showed on its face that the ALJ had made an error in awarding benefits. We acknowledge that under the regulations, the secretary has authority to reopen a case within four years for 'good cause.' See 20 C.F.R. Sec. 404.988(b) (1984).[1] According to the applicable regulations, the Secretary has good cause for reopening a case when one of three conditions occurs:
 
 
 4
 (1) New and material evidence is furnished;
 
 
 5
 (2) A clerical error in the computation or recomputation of benefits was made; or
 
 
 6
 (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
 
 
 7
 20 C.F.R. Sec. 404.989(a) (1984).
 
 
 8
 The Secretary's decision the reopen the case was based on Section 404.989(a)(3). The Secretary argued that the evidence in this case showed on its face that the ALJ committed clear error in finding that appellant was entitled to a closed period of disability from July 1, 1973 through September 30, 1975. The Secretary claims that because appellant's application for benefits was filed on January 16, 1980, it was too late to establish an entitlement to benefits during the earlier period.
 
 
 9
 From the record before us, it is clear that the basis for the Secretary's argument was Section 216 (i)(2)(E) and (F)[2] of the Social Security Act. The Secretary argues that section 216(i)(2)(E) does not allow the application appellant filed in January of 1980 to stand as an application for benefits during the period from 1973 to 1975 because those sections establish a maximum deadline to file for benefits at no more than 36 months after the period of disability ends. Given this argument, it seems that the Secretary's interpretation of section 216(i)(2)(E) is that the phrase 'the month in which the period of disability ends' must refer to a month in Hall's initial period of disability and not the period beginning in 1980.
 
 
 10
 However, other parts of section 216(i)(2)(E) suggest that the Secretary's interpretation is incorrect. The section clearly states that the month in which the disability ends should be '(determined without regard to subparagraph (B) and this subparagraph).' Subparagraph (B) prevents the commencement of a period of disability unless an application is filed for a disability determination as to that period. By disregarding this paragraph, Hall meets the requirements of being under a period of disability as defined in section 216(i)(2)(A)[3], from 1973 to 1975. Thus, appellant would also be entitled to recover disability benefits for that period and for the period beginning in 1980. Therefore, in examining section 216(i)(2)(E) in its entirety, we conclude that Congress intended to protect claimants, such as Mr. Hall, who suffer intermittent periods of disability.
 
 
 11
 Appellant was disabled from July 1973 to September 1975. He controlled his disability enough to work some until 1980. Thereafter, Mr. Hall's mental condition worsened and he was again disabled, for the same disability. In our view, section 216(i) allows claimants to recover for prior periods of disability if applications are filed while claimants are presently disabled. In our view, the ALJ could have reasonable found that the statute did not require Hall to wait until his disability had ended to file an application for benefits; nor prohibit Hall from receiving entitlement to benefits for two separate periods of disability. Section 216(i) only prevents the receipt of benefits for a prior period when more than 36 months have passed and the claimant is not disabled at the time of filing.
 
 
 12
 Therefore, the ruling of the ALJ was reasonable and did not constitute good cause for the Secretary to reopen the case more than two years later pursuant to 20 C.F.R. 404.989(a)(3).
 
 
 13
 Accordingly, the decision of the district court is reversed and remanded with instructions to remand to the Secretary for an award of benefits.
 
 
 
 *
 Honorable Harry S. Phillips participated in oral argument but due to his death on August 3, 1985, took no part in the opinion
 
 
 [1]
 Section 404.988(b) provides, in relevant part:A determination, revised determination, decision, or revised decision may be reopened----
 (a) Within 12 months of the date of the notice of the initial determination, for any reason;
 (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in Sec. 404.989, to reopen the case. . . .
 
 
 [20]
 C.F.R. Sec. 404.988(b)
 
 
 [2]
 Sections 216(i)(2)(E) and (F) of the Act, 42 U.S.C. Secs. 416(i)(2)(E)(F) as codified read as follows:
 (E) Except as is otherwise provided in subparagraph (F), no application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraph (B) and this subparagraph) shall be accepted as an application for purposes of this paragraph.
 (F) An application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraphs (B) and (E)) shall be accepted as an application for purposes of thid paragraph if----
 (i) in the case of an application filed by or on behalf of an individual with respect to a disability which ends after January 1968, such application is filed not more than 36 months after the month in which such disability ended, such individual is alive at the time the application is filed, and the Secretary finds in accordance with regulations prescribed by him that the failure of such individual to file an application for a disability determination within the time specified in subparagraph (E) was attributable to a physical or mental condition of such individual which rendered him incapable of executing such an application, and
 (ii) in the case of an application filed by or on behalf of an individual with respect to a period of disability which ends in or before January 1968,
 (I) such application is filed not more than 12 months after January 1968,
 (II) a previous application for a disability determination has been filed by or on behalf of such individual (1) in or before January 1968, and (2) not more that 36 months after the month in which his disability ended, and
 (III) the Secretary finds in accordance with regulations prescribed by him, that the failure of such individual to file an application within the then specified time period was attributable to a physical or mental condition of such individual which rendered him incapable of executing such an application.
 In making a determination under this subsection, with respect to the disability or period of disability of any individual whose application for a determination thereof is accepted solely by reason of the provisions of this subparagraph (F), the provisions of this subsection (other than the provisions of this subparagraph) shall be applied as such provisions are in effect at the time such determination is made.
 
 
 [3]
 Section 216(i)(2)(A) of the Social Security Act, 42 U.S.C. 416(i)(2)(A) as codified, reads as follows:
 (2)(A) The term 'period of disability' means a continuous period (beginning and ending as hereinafter provided in this subsection) during which an individual was under a disability (as defined in paragraph (1)), but only if such period is of not less than five full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period.