**Mary E. SPROW, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 88–5599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1988.

Decided Jan. 9, 1989.

Lawrence D. Rohlfing, Rohlfing & Donnelly, Santa Fe Springs, Cal., for plaintiff-appellant.

David R. Mazzi, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BROWNING, SCHROEDER and NOONAN, Jr., Circuit Judges.

SCHROEDER, Circuit Judge:

In this review of a denial of Social Security benefits, the issue we must decide is whether the applicant met the requirements to be considered a fully insured individual pursuant to 42 U.S.C. §§ 423(c)(1) and 414(a). Sprow argues that certain years in which she was medically disabled should be excluded from the number of years for which she was required to establish quarters of coverage, thus reducing

---

the number of quarters she needed to obtain fully insured status. She relies upon the provisions of 20 C.F.R. § 404.320(a) relating to when a period of disability may be excluded from consideration in computing benefits. Appellant's interpretation of that descriptive regulation conflicts with the statutory language of 42 U.S.C. § 416(i)(2)(C), which states that a person can qualify for such a period of disability only if that person is a fully insured individual on the day the period of disability begins. We therefore affirm.

Claimant Sprow, after applying for Social Security disability benefits several times after 1978 and being denied each time, filed an application on September 13, 1985 for Title II disability benefits and Title XVI supplemental benefits. This application was denied by the Social Security Administration after the California state agency, upon evaluation of the medical evidence, found that she was not disabled. An Administrative Law Judge reviewed the case de novo, and denied the application on July 15, 1986 on the grounds that she was not disabled and that she did not meet the definition of a "fully insured" individual, a prerequisite to entitlement to Title II benefits. 42 U.S.C. § 423(c)(1).

Sprow appealed that decision to the Appeals Council, which affirmed the finding of non-insured status as to Title II, but remanded the Title XVI cause for further medical consideration. Upon subsequent hearing, Sprow was found to be medically eligible for Title XVI benefits, and her Title XVI claim is not an issue on appeal. With the decision of the Appeals Council on February 13, 1987, the ALJ's decision became the final decision of the Secretary of Health and Human Services. Sprow sought review in the district court of the Secretary's Title II determination. The court granted summary judgment against her.

In order to obtain Title II disability benefits, an individual must demonstrate that he or she has worked a sufficient period of time to establish fully insured status, accumulating at least one quarter of coverage for each calendar year elapsed since the year 1950 or since the applicant attained the age of 21. 42 U.S.C. § 414(a)(1). Due

to Sprow's age, her computation period begins with the calendar year 1950. Sprow does not appear to have sufficient quarters of coverage to meet the "one per year" test. If we measure from 1950 to the alleged disability onset date of November, 1981, Sprow would have twenty-eight quarters of coverage, but would need thirty.

Appellant nevertheless argues that her twenty-eight quarters met the requirements for fully insured status in November, 1981. She asserts that the years 1978, 1979 and 1980 should be excluded from the number of years for which quarters of coverage are required because the years were a "period of disability." Sprow rests this contention upon 20 C.F.R. § 404.320(a). That regulation provides that:

> A period of disability is a continuous period of time during which you are disabled. If you become disabled, you may apply to have our records show how long your disability lasts. You may do this even if you do not qualify for disability benefits.... If benefits payable on your earnings record would be denied or reduced because of a period of disability, the period of disability will not be taken into consideration.

20 C.F.R. § 404.320(a). Sprow contends that the period between 1978 and 1981 was a "period of disability" during which she was unable to work, although not receiving benefits, and therefore should not be taken into consideration in computing the number of years for which quarters of coverage had to be earned.

The phrase "period of disability" as used in the regulation and controlling statutes is, however, a term of art. It does not mean simply a period during which a person is disabled and not working. The person must, in addition, be insured. *See* 42 U.S.C. § 416(i)(2)(C), (i)(3). The statute makes it clear that a person is not insured for purposes of establishing a "period of disability" unless the person had the requisite number of quarters of coverage on the day that the claimed period of disability began. 42 U.S.C. § 416(i)(2)(C). Ms. Sprow alleges that a "period of disability" began on June 8, 1978. On that date, however, she was three quarters short of fully insured status because she needed twenty-

seven quarters of coverage; she had only twenty-four. She did not earn her additional four quarters of coverage until 1981. She thus cannot establish a period of disability under 42 U.S.C. § 416(i)(3).

Appellant points to the statement in the regulation that a person may qualify for a "period of disability" even if the person does not qualify for disability benefits, and suggests that this could apply only to applicants like herself who were not fully insured on the date that the disability began. Our reading of the statute does not conflict with the regulation or render it meaningless, as appellant suggests. The regulation speaks to applicants who apply too late to receive benefits for the period of disability, but who nevertheless wish to have the years in the period of disability excluded from the number of years for which quarters of coverage are required. To interpret the regulation as appellant urges would conflict with the clear language of 42 U.S.C. §§ 416(i)(2)(C), (i)(3). That statute says that a "period of disability" cannot begin for any purpose until an individual is fully insured. The appellant was not fully insured.

AFFIRMED.