United States Court of Appeals,

Fifth Circuit.

No. 95-30332.

Aubrey GEORGE, Plaintiff-Appellant,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant-Appellee.

March 5, 1996.

Appeal from the United States District Court for the Western District of Louisiana.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and SCHWARZER[1], District Judge.

DUHÉ, Circuit Judge:

Aubrey George appeals the district court's affirmance of the Social Security Administration's denial of disability insurance benefits.  We affirm.

BACKGROUND

George injured his neck while at work on March 23, 1982. Surgery restored most of his neck motion, and George returned to work as a bulldozer operator in 1984.  On March 18, 1985, Appellant was again injured at work, this time by a power saw that cut into his left leg.  Although the wound healed, scar tissue developed, causing some degree of nerve damage.  In February 1987, George was diagnosed with diabetes and hypertension.  His diabetes worsened in 1988.

On June 17, 1991, George applied for disability insurance

_____

[1]District Judge of the Northern District of California, sitting by designation.

1

benefits alleging disability since June 15, 1984, caused by his neck injury, hypertension, and diabetes. He later amended the disability onset date to March 23, 1982, the date he originally injured his neck.

The Social Security Administration ("SSA") denied his application both initially and on reconsideration. George appealed. The administrative law judge denied George's claim, finding that George was able to work as of December 31, 1984, when his insured status expired pursuant to 42 U.S.C. § 423(c)(1). The Appeals Council declined to review the ALJ's findings.

Appellant then filed suit contending that his prior two year period of disability from March 1982 to March 1984, during which he could not work because of his neck injury, should have been excluded from the calculation of when his insured status expired. If the two-year period were excluded, his insured status would not expire until December 31, 1986, well after George suffered the leg injury.

The district court referred the matter to a magistrate judge, who recommended that George's appeal be dismissed. The magistrate judge acknowledged that 42 U.S.C. § 423(c)(1) provides that, for purposes of calculating the insured status of a claimant, "a quarter shall not be counted as part of any period if any part of such quarter was included in a period of disability unless such quarter was a quarter of coverage." The judge, however, noted that 42 U.S.C. § 416(i)(2)(E) prohibits individuals from filing applications for disability determinations after twelve months from

2

the end of the disability.  Because George failed to apply for a disability determination within twelve months following his neck disability, the magistrate judge concluded that George could not exclude the two-year period from March 1982 to March 1984 as a "period of disability" in calculating his insured status.  The district court adopted the magistrate judge's recommendation and dismissed.  We now affirm.

DISCUSSION

"We review the Secretary's decision to deny disability benefits by determining whether substantial evidence in the record supports the decision and, further, whether proper legal standards were used in evaluating the evidence." *Falco v. Shalala,* 27 F.3d 160, 162 (5th Cir.1994).

To be eligible for disability insurance benefits, a disabled individual must be insured.  42 U.S.C. § 423(a)(1)(A).  An individual is insured for disability insurance if, among other statutory requirements, "he had not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred."  42 U.S.C. § 423(c)(1)(B). "Quarters of coverage" include quarters in which the applicant earned certain amounts of wages or self-employment income.  20 C.F.R. §§ 404.101(b), 404.140-404.146.  The parties agree that applying this 20/40 provision to George results in the expiration of his insured status on December 31, 1984.

The statute, however, excepts periods of disability from the 20/40 rule.  42 U.S.C. § 423(c)(1) provides that, for purposes of

calculating the termination date of the claimant's insured status, "a quarter shall not be counted as part of any period if any part of such quarter was included in a period of disability unless such quarter was a quarter of coverage." George argues that the two-year period following his neck injury in March 1982 constitutes a "period of disability" as defined in 42 U.S.C. § 416(i)(2)(A). Excluding the two years or, more accurately, the eight quarters from the 20/40 calculation would extend George's insured status until December 31, 1986.

For George to gain the benefit of a "period of disability," however, he must first file an application for a disability determination. 42 U.S.C. § 416(i)(2)(E) provides that "no application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraph (B) and this subparagraph) shall be accepted as an application for purposes of this paragraph." George failed to file an application for a disability determination within the twelve months following his neck injury.

Both George and the government agree that his failure to file a timely application bars George from seeking disability insurance benefits for the two-year period after March 1982. The dispute concerns whether the twelve months limitation period precludes George from claiming this prior period of disability in order to extend the termination date of his insured status. We hold that Section 416(i)(2)(E) bars an individual, seeking benefits for a

4

*subsequent and unrelated period of disability,* from excluding a prior period of disability in the calculation of his insured status.

Neither the Supreme Court nor the Fifth Circuit have addressed this question. However, case law and the applicable administrative regulation support our reading of the statute. 20 C.F.R. § 404.320(a) provides:

> A period of disability is a continuous period of time during which you are disabled. If you become disabled, you may apply to have our records show how long your disability lasts. *You may do this even if you do not qualify for disability benefits.* If we establish a period of disability for you, the months in that period of time will not be counted in figuring your average earnings. If benefits payable on your earnings record would be denied or reduced because of a period of disability, the period of disability will not be taken into consideration.

(Emphasis added.). The claimant's ability to seek a declaration of a period of disability, even if the claimant cannot receive benefits for that period, suggests that the statute contemplates applications by individuals, such as George, who file only to extend their insured status. Moreover, this regulation further explains that to be entitled to exclude a "period of disability" a claimant must file an application within the twelve month time limit. 20 C.F.R. § 404.320(b)(3).

Additionally, the case law from other circuits runs counter to George's view that the statute of limitations exempts persons filing to extend their insured status.[2] In *Arnone v. Bowen,* 882

---

[2]Although the Ninth Circuit has suggested a different view of 20 C.F.R. § 404.320(a), *see Sprow v. Bowen,* 865 F.2d 207, 209 (9th Cir.1989), this suggestion appeared only in dicta and we find its reasoning unpersuasive.

F.2d 34, 38 (2d Cir.1989), the Second Circuit held that 42 U.S.C. § 416(i)(2)(E) and its regulatory counterpart, 20 C.F.R. § 404.320(a), apply to individuals claiming a prior period of disability in order to extend their insured status. The Sixth Circuit likewise held that the limitations period applied to an individual seeking benefits for his earlier period of disability. *See Henry v. Gardner,* 381 F.2d 191 (6th Cir.), *cert. denied,* 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967); *Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir.1988).[3]

Appellant distinguishes himself from the claimants in these cases because he does not seek to recover any benefits for his prior period of disability, but rather seeks only to exclude the prior period from the calculation of his insured status. We do not see the relevance of this distinction. As a statute of limitations, Section 416(i)(2)(E) is designed to prevent parties from litigating stale disability claims, regardless of the claimant's motives. Thus, a person cannot revive an otherwise stale period of disability by using the prior period for an extension in the termination date of his insured status. Because a contrary result would eviscerate the limitations period, the statute necessarily bars all claims filed more than twelve months

---

[3]Appellant relies on another Sixth Circuit opinion, *Hall v. Secretary, Dep't of Health and Human Services,* 774 F.2d 1162 (6th Cir.1985). However, *Hall* is an unpublished opinion with little precedential value even in the Sixth Circuit itself. Moreover, *Hall* stands only for the proposition, which does not apply here, that a claimant suffering intermittent periods of disability stemming from the same condition may not be barred from seeking benefits for those prior periods.

after the end of a disability.

CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.