**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**OCT 9 1997**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

JESSE A. SMITH,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-6385
(D.C. No. 94-CV-1268)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[***] District Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in this caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's order affirming the final decision of the Secretary denying plaintiff's application for a period of disability and disability benefits. This appeal involves the purely legal question of whether the Secretary correctly interpreted 42 U.S.C. § 416(i)(2)(E) in determining that plaintiff was not entitled to disability benefits.

Plaintiff filed an application for disability benefits and supplemental security income (SSI) on September 3, 1987, alleging an onset of disability on August 26, 1977. In his final decision, the Secretary denied plaintiff's application. Plaintiff appealed to the district court, and the district court remanded the case to the Secretary. On remand, the Administrative Law Judge (ALJ) held a second hearing and issued two decisions, one addressing the application for disability benefits and one addressing the SSI application. Regarding the SSI application, the ALJ found that plaintiff was disabled beginning November 4, 1988. After review by the Appeals Council, the final decision of the Secretary regarding the SSI application was that plaintiff was disabled as of September 3, 1987. Plaintiff does not appeal the SSI decision.

With respect to the application for disability benefits, the ALJ found that plaintiff last met the insured requirements of the Social Security Act on September 30, 1981. The ALJ found that plaintiff was disabled from August 26, 1977 through April 30, 1979, but that his condition improved and plaintiff was not disabled from May 1, 1979 through the date he was last insured, September 30, 1981. It was ultimately determined that plaintiff again became disabled as of September 3, 1987, the same date that he filed his application for a determination of disability and disability benefits. The ALJ concluded that because plaintiff was not disabled within twelve months prior to the date he applied for disability benefits, he was not eligible for disability benefits.[1] That decision became the final decision of the Secretary, and plaintiff appealed to the district court. The district court affirmed the ALJ's decision, holding that the Secretary's interpretation of § 416(i)(2)(E) was correct and, because plaintiff failed to file his application for a disability determination within twelve months from when his disability ended in 1979, his application for disability benefits was untimely. Plaintiff appeals the district court's order, and we affirm.

---

[1]    The twelve-month limitation set out in 42 U.S.C. § 416(i)(2)(E) is the relevant statutory period in this case. Plaintiff makes no allegation that any of the conditions set forth in § 416 (i)(2)(F) are present, so as to warrant application of the thirty-six month period referred to in that subsection.

We review the Secretary's decision to deny plaintiff's application for a determination of disability and disability benefits to determine "whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

42 U.S.C. § 416(i)(2)(E) provides in relevant part that "no application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraph (B) and this subparagraph) shall be accepted as an application for purposes of this paragraph." Plaintiff argues that, because he was disabled at the time he filed his application for disability benefits on September 3, 1987, and because that disability was related to his disability during the 1977-1979 period, his application for a disability determination was timely and he is entitled to benefits for the earlier disability period, as well as credit for that period in the calculation of his date last insured. The Secretary argues that plaintiff's application for a determination of disability is untimely. He maintains that the application should have been filed within twelve months of April 30, 1979, in order for plaintiff to receive a disability determination for his 1977-1979 period of disability.

In support of his position, plaintiff relies on an unpublished order and judgment from the Sixth Circuit, Hall v. Secretary, Dep't of Health and Human Servs., No. 84-5728, 1985 WL 13731 (6th Cir. Sept. 17, 1985). Not only are we not bound by this decision because it is from another circuit, but its value as legal precedent is questionable: "Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case . . . ." Id. We have found no other case relying on Hall or adopting the same interpretation of § 416(i)(2)(E), and we decline to adopt the reasoning of the unpublished disposition of another circuit on this question.

We begin by noting that, where statutory construction is involved, the Secretary's interpretation of a statute he is charged with administering is entitled to deference, and his interpretation will control, if, at the very least, it is reasonable and consistently applied, unless it is inconsistent with legislative intent or there are compelling indications that it's wrong. See New Mexico Dep't of Human Servs. v. Department of Health and Human Servs. Health Care Fin. Admin., 4 F.3d 882, 884-85 (10th Cir. 1993); Webb v. Hodel, 878 F.2d 1252, 1255 (10th Cir. 1989). The plain language of the statute supports the Secretary's interpretation in this case. We hold that an application for a disability determination or disability benefits must be filed while a claimant is disabled

during a time when he meets the disability insured status requirements, or within twelve months of when the disability for which he is claiming benefits ended. In other words, plaintiff's application for a determination of disability and disability benefits was untimely because he did not show that he was continuously disabled from a time when he met the insured status requirements until twelve months before he filed his application. See George v. Chater, 76 F.3d 675, 677 (5th Cir. 1996); Arnone v. Bowen, 882 F.2d 34, 38 (2d Cir. 1989); Mullis v. Bowen, 861 F.2d 991, 994 (6th Cir. 1988); Henry v. Gardner, 381 F.2d 191, 195 (6th Cir. 1967).[2] For the same reason, plaintiff is not entitled to a determination of disability for the 1977-1979 disability period such that the calculation of the date he last met the insured status requirement would change. See George, 76 F.3d at 677.

---

[2]   We note that plaintiff argues that the case law distinguishes between whether the subsequent disability is related or unrelated to the initial closed-period disability. We do not read such a distinction in the cases cited, but, in any event, the distinction is irrelevant in this case. The ALJ specifically found that plaintiff's disability beginning September 3, 1987, was due to the *combination* of plaintiff's back problems and his depression. The ALJ found that there was no medical evidence of depression during plaintiff's closed-period of disability from 1977-1979.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


Entered for the Court


Robert H. Henry
Circuit Judge