**Kenneth BARBER, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV–89–255S.**

United States District Court, W.D. New York.

May 17, 1991.

Richard J. Attea, Danieu and Attea, North Boston, N.Y., for plaintiff.

Dennis C. Vacco, U.S. Atty. by Donald P. Simet, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

Now before this Court is the motion of defendant Louis W. Sullivan, M.D., the Secretary of Health and Human Services ("Secretary"), for a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Plaintiff Kenneth Barber ("plaintiff") filed this lawsuit pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking review of the Secretary's final decision terminating plaintiff's disability insurance benefits.

This Court has jurisdiction over this lawsuit pursuant to 42 U.S.C. § 405(g).

The Secretary moves for judgment on the pleadings, arguing that substantial evidence in the factual record supports his final determination. In support of his motion, the Secretary submits a legal memorandum ("S. memo.") and the transcript of the administrative record. ("R."). In opposition to the Secretary's motion, plaintiff submits a legal memorandum ("p. memo."). This Court has considered these submissions and has reviewed the entire record.

*Conclusion:* For the reasons set forth below, this Court holds that substantial evidence in the factual record supports the Secretary's final determination and, therefore, grants the Secretary's motion and dismisses plaintiff's lawsuit.

## PROCEDURAL HISTORY

On August 18, 1978 plaintiff filed an application for social security disability benefits due to his deteriorating health caused by Multiple Sclerosis.

Subsequently, the Social Security Administration's ("Administration") Department of Health and Human Services ("Department") granted plaintiff's application for disability insurance benefits, finding plaintiff disabled within the Act since January 20, 1978, and awarded plaintiff, his wife and son benefits retroactive to July 1978. (R., p. 7).

Subsequently, in late 1986, after reviewing plaintiff's relevant tax returns and concluding that plaintiff's work and earnings were substantial and gainful within the Act, the Department determined plaintiff no longer disabled within the Act since January 1980.

Upon reconsideration, the Department's internal review process affirmed the decision that plaintiff's disability ceased due to plaintiff's substantial gainful activity.

On August 30, 1988, after a hearing held on June 3, 1988 (the "hearing"), at which plaintiff, represented by counsel, testified, an Administrative Law Judge ("ALJ"), after a *de novo* review of the record, denied plaintiff's appeal of the termination of his disability benefits. Affirming the Department's determination, the ALJ found plaintiff no longer disabled within the Act.

On January 9, 1989, the ALJ's decision became the final decision of the Secretary when the Administration's Appeals Council denied plaintiff's request for review of the ALJ's decision.

On February 17, 1991 plaintiff filed this lawsuit seeking reversal or a remand of the Secretary's final decision.

## FACTS

Plaintiff is the sole owner of an insurance agency which he operates through his home. (R., p. 115). Plaintiff's business presently employs two additional people, plaintiff's wife, who does all the clerical work and works about twenty hours per week, and another employee who does much of the agency's underwriting. (R., pp. 116, 61–63).

Plaintiff testified that his insurance business works as follows: prospective business comes to his home via telephone and consequently applications are completed and sent to insurance carriers. The insurance carrier then bills the insured directly. (R., pp. 52, 56). Plaintiff testified that he does not solicit business but that it comes to him "... purely by word of mouth, from one client to another." (R., p. 51).

Plaintiff testified that he is not involved in the day-to-day activities of the insurance business, (R., pp. 50, 51, 59), and that he contributes about one hour per week to the business. (R., p. 53). Plaintiff also testified that his insurance business could not operate without his state insurance license (R., p. 54).

According to a June 27, 1986 Work Activity Report (the "Report") completed by plaintiff, since January 20, 1978, he averaged $500.00 monthly self-employment income and earned at least $75.00 per month. The Report states that plaintiff worked at his business approximately eight hours per month. (R., p. 115). According to the Report, plaintiff makes management decisions for the business, "determining [insurance] companies for coverage...."

As noted above, on August 18, 1978 plaintiff applied for social security disability benefits and, shortly thereafter, the Administration awarded him benefits retroactive to July 1978.

In 1986, by virtue of certain tax returns, the Administration learned that plaintiff reported net earnings from self employment while at the same time receiving his disability benefits. These net earnings were $612.71 in 1978, $2,442.63 in 1979, $4,739.90 in 1980, $6,792.01 in 1981, $5,014.52 in 1982, $10,736.17 in 1983, $3,432.33 in 1984 and $20,400.14 in 1985. (R., pp. 94–112). Based on this newly acquired information, the Administration concluded that plaintiff engaged in substantial gainful activity within the Act as of January 1980 following plaintiff's completion of a trial work period. Therefore, the Secretary determined plaintiff's entitlement to disability benefits ceased effective as of March 1980. (R., p. 28)

## STANDARD OF REVIEW

■ This Court must affirm the Secretary's final determination if supported by substantial evidence in the factual record and not the product of legal error. 42 U.S.C. § 405(g). *See, Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir.1983) ("Substantial evidence" means evidence that "'... a reasonable mind might accept as adequate to support a conclusion....'") (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (further citations omitted)). Moreover, this Court affords the Secretary's determination "... considerable deference ..." and will not substitute "... its own judgment for that of the Secretary, even if it might have justifiably reached a different result upon a de novo review." *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Applying the statutory standard to this case, this Court affirms the Secretary's final determination.

## ALJ'S DECISION

The ALJ evaluated plaintiff's claim of continuing disability pursuant to 20 C.F.R. § 404.1594, which provides criteria to be followed when determining, as required by

statute, whether an individual's disability within the Act is continuing or has ended. (R., p. 29).

Under the statute and regulations, a primary factor leading to a determination that an individual's disability has ceased is a finding by the Secretary that improvement of a benefit recipient's medical impairment has occurred. *See*, 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594. Initially, the ALJ agreed with the Secretary that, as referenced in 20 C.F.R. § 404.1594, there existed no improvement of plaintiff's medical impairment prompting cessation of benefits for that reason.

However, as further contained in 20 C.F.R. § 404.1594, there are several "exceptions" to improvement of medical impairment which, if met, require the Secretary to cease paying benefits to a recipient who experiences no improvement of his medical impairment. Specifically, relevant to this case, pursuant to 20 C.F.R. §§ 404.-1594(d)(5) & (f)(1), if after a "trial work period," which the regulations further define, plaintiff engaged in substantial gainful activity, the Act requires cessation of benefits to plaintiff.[1]

Accordingly, the ALJ next looked to whether after a trial work period plaintiff engaged in substantial gainful activity.

Pursuant to 20 C.F.R. § 404.1592, a trial work period "... is a period during which [a disability benefits claimant, such as plaintiff] may test [his] ability to work and still be considered disabled." In this case, pursuant to 20 C.F.R. § 404.1592(e), the trial work period began the month plaintiff became entitled to disability benefits and ended with the ninth month in which plaintiff performed "services." Pursuant to 20 C.F.R. § 404.1592(b) a self-employed individual, such as plaintiff, has performed services in a particular month if his net earnings in that month are more than $50.00 for months in 1978 or more than $75.00 for months in 1979 and beyond.

In this case, the Secretary determined and the ALJ similarly found that plaintiff performed "services" in each month during 1978 and 1979. Since plaintiff's entitlement to benefits began in July 1978, plaintiff's trial work period extended from July 1978 to March 1979, the ninth month in which he performed services. (R., pp. 29, 32). Therefore, the ALJ looked to whether plaintiff engaged in substantial gainful activity after March 1979.

20 C.F.R. § 404.1575(a) contains evaluation guides for the determination of whether a self employed individual, such as plaintiff, engages in substantial gainful activity. Pursuant to that section, the determination of whether a self employed individual is involved in substantial gainful activity requires consideration of factors beyond "... income alone ...," including an individual's "... activities and their value to the business ... regardless of whether ..." the individual receives an "... immediate income ..." for his services. 20 C.F.R. § 404.1575(a)(1)–(3) contain essentially three separate tests any one of which, if met, establish that a self employed individual is engaged in substantial gainful activity.[2]

In this case, the ALJ found that under 20 C.F.R. § 404.1575(a)(3) plaintiff engaged in substantial gainful activity after completion of his trial work period.

Pursuant to 20 C.F.R. § 404.1575(a)(3), an individual will be considered to have been engaged in substantial gainful activity if he renders services "... that are significant to the operation of the business ..." and receives "... a substantial income from the business."

Pursuant to 20 C.F.R. § 404.1575(b)(1), in the context of a self-employed individual business owner with other employees working for him, such as plaintiff, services by the individual are "significant" if either the individual contributes "... more than half the total time required for the management of the business ..." or the individual ren-

---

1. As a threshold matter, the Act requires that a disability claimant not be engaged in substantial gainful activity in order to qualify for disability benefits. 42 U.S.C. § 423(d)(1)(A).

2. 42 U.S.C. § 423(d)(4) provides that the Secretary shall promulgate regulations prescribing criteria for determining an individual's ability to engage in substantial gainful activity.

ders "... management services for more than 45 hours a month regardless of the total management time required by the business."

In this case the ALJ found that plaintiff had "... sole managerial control over the business and performs 'significant' managerial services...." (R., p. 31). In so finding, the ALJ considered plaintiff's testimony that his wife did most of the work in the business since 1978. The ALJ noted, however, plaintiff's concession that his insurance business could not legally operate without a licensed owner-agent manager and that only he was licensed. (R., p. 30). The ALJ also cited the lack of persuasive evidence that plaintiff's wife provided "... any of the experience and expertise in the insurance field necessary to manage the business." (R., p. 30). The ALJ emphasized that in fact the plaintiff "... indicated that it was necessary for him to talk with clients in order to assess their insurance needs, [to] determine the appropriate types of coverage and the appropriate carriers ..." etc. (R., p. 30). Therefore, the ALJ concluded that the plaintiff "... is not merely a nominal insurance agent lending his name and license to a business run by his wife, but that he had active and sole responsibility for managing the business." (R., p. 30)

Next, pursuant to 20 C.F.R. § 404.1575(c)(1), net income from a business will be considered "substantial" if it averages more than the amounts contained in 20 C.F.R. § 404.1574(b)(2) (more than $260.00 per month in 1978, more than $280.00 per month in 1979 and more than $300.00 per month in 1980 and beyond).[3] In this case, the ALJ found that in 1978 and 1979, plaintiff's average monthly net earnings for those years were "... substantially below ..." the amounts contained in 20 C.F.R. § 404.1574(b)(2) which would indicate plaintiff's income was substantial. (R., p. 31). However, the ALJ further found that plaintiff's average monthly net earnings from the years 1980 through 1984 were "... substantially above ..." the amounts contained in 20 C.F.R. § 404.1574(b)(2) for those years. The ALJ found that in 1980 plaintiff's average monthly net earnings were approximately $395.00,[4] in 1981 they were approximately $566.00, in 1982 they were approximately $418.00, and in 1983 they were approximately $895.00. (R., p. 31). The ALJ further noted that although in 1984 plaintiff's average monthly net earnings dipped to approximately $286.00, in 1985 "... they rebounded to $1,700.00 per month...." (R., p. 31).

Therefore, the ALJ found that

[b]ased on the sustained earnings exceeding the specified amount for four full years beginning January 1980, the Administration's determination that the claimant was engaging in substantial gainful activity during such period is entirely warranted under 20 C.F.R. § 404.1575(a)(3).

(R., p. 31).

Moreover, the ALJ found that plaintiff engaged in substantial gainful activity under the alternative test contained in 20 C.F.R. § 404.1575(a)(2). Under that section, even if plaintiff's work activity was not "... fully comparable to that of an unimpaired individual ...," the ALJ found that it was "... clearly worth the amounts specified in 20 CFR 404.1574(b)(2) when considered in terms of its value to his busi-

---

**3.** This Court notes that evidence that plaintiff's earnings are "substantial" within 20 C.F.R. § 404.1575(c)(1) generally may indicate that plaintiff is able to engage in substantial gainful activity, but the "... fact that [plaintiff's] earnings are not substantial will not necessarily show that [plaintiff is] not able to do substantial gainful activity." 20 C.F.R. § 404.1574(a)(1). The Secretary considers "... several guides to decide ..." an individual's capacity to engage in substantial gainful activity. 20 C.F.R. § 404.1574(a).

**4.** According to the plaintiff's computation of his net earnings for Social Security tax purposes contained in his 1980 tax return, plaintiff's adjusted net earnings in 1980 were $4,739.90, thus averaging $394.99 per month for that year. (R., p. 102). This Court notes that the ALJ's decision mistakenly lists plaintiff's average monthly earnings in 1980 as $294.00 per month. Having consulted plaintiff's 1980 tax return, this Court is satisfied that plaintiff's average monthly net earnings in 1980 were approximately $395.00.

ness and, therefore, constitutes substantial gainful activity." (R., p. 31).

In sum, since the ALJ found that beginning in January 1980 the plaintiff engaged in substantial gainful activity and continued to do so for at least four consecutive years—thereby demonstrating his ability to do so on a sustained basis—the ALJ concluded that plaintiff ceased to be under a disability within the Act in January 1980 and, pursuant to 20 C.F.R. §§ 404.-1594(d)(5) & (f)(1), his entitlement to disability insurance benefits ceased at the end of March 1980. (R., p. 31).[5]

### DISCUSSION

In order to establish eligibility for disability insurance benefits under the Act, plaintiff must meet the insured status requirements of 42 U.S.C. § 423(c) and must also establish that he is "disabled" as defined by the Act.

The Act defines disability as:

[an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

42 U.S.C. § 423(d)(1)(A). Congress has required that an individual may be determined disabled only if

... his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

42 U.S.C. § 423(d)(2)(A). Even if an individual has at one time qualified for benefits, as plaintiff has in this case, the Secretary may suspend disability benefits if he concludes that the disability ceased. Under the Act, a disability ceases, *inter alia*, when an individual is engaging in substan-

tial gainful activity. 42 U.S.C. § 423(f); *See,* 20 C.F.R. § 404.1579(d)(4).

*Substantial Gainful Activity*

Plaintiff seeks reversal or at least a remand of the Secretary's final determination, arguing that he is unable to engage in substantial gainful activity and, therefore, is entitled to continuation of his disability benefits on the following primary grounds.

First, plaintiff argues, his ability to work only a few hours a day, on an intermittent basis, part time, or his performance of only "... sporadic and transitory services ...," which he argues is the case here, does not constitute the ability to engage in substantial gainful activity within the Act. (p. memo., p. 8). In effect plaintiff argues to perform substantial gainful activity within the Act, one *must* be able to perform "... substantial gainful services with reasonable regularity...." (p. memo., p. 8). In this regard, plaintiff argues that "... his working 2–3 hours per week cannot be deemed the ability to engage in substantial gainful work so as to disqualify him from benefits...." (p. memo., p. 9). Furthermore, plaintiff argues, the ALJ erroneously failed to find that the "... meager quantity ..." of work performed by plaintiff, regardless of its quality, "... in and of itself ..." demonstrates plaintiff's inability to engage in substantial gainful activity. (p. memo., p. 9).

This Court rejects plaintiff's argument that the quantity of plaintiff's work, when compared to the hours contributed by plaintiff's employees, and irrespective of the substance of plaintiff's work, mandates a finding that plaintiff did not engage in substantial gainful activity.

Initially, the ALJ properly evaluated plaintiff's ability to engage in substantial gainful activity according to 20 C.F.R. § 404.1575(a). That section requires the Secretary to consider plaintiff's services vis-a-vis their "... value to the business ..." not, as plaintiff argues, purely the amount of time plaintiff spends on the business.

---

**5.** Pursuant to 42 U.S.C. § 416(i)(2)(D)(ii), a disability recipient's benefits terminate at the close

of the second month following the month in which the disability ceased.

The ALJ found that, pursuant to 20 C.F.R. § 404.1575(a)(3), plaintiff engaged in substantial gainful work activity at the close of his trial work period.

As discussed above, under 20 C.F.R. § 404.1575(a)(3), an individual will be considered to engage in substantial gainful activity if he renders services "... that are significant to the operation of the business ..." and receives "... a substantial income from the business." Services by a self employed individual employing others, as is the case with plaintiff, are "significant" if either the individual contributes "... more than half the total time required for the management of the business ..." or the individual renders "... management services for more than 45 hours a month regardless of the total management time required by the business." 20 C.F.R. § 404.1575(b)(1).

The ALJ found that the plaintiff "... is not merely a nominal insurance agent lending his name and license to a business run by his wife ..." but that plaintiff has "... sole managerial control over the business and performs 'significant' managerial services...." In so finding, the ALJ considered plaintiff's testimony that his wife did most of the work in the business since 1978. The ALJ cited, however, plaintiff's testimony that his insurance business could not legally operate without a licensed owner-agent manager, such as plaintiff, and that his wife was not licensed. (R., p. 30). The ALJ also cited the lack of persuasive evidence that plaintiff's wife provided "... any of the experience and expertise in the insurance field necessary to manage the business." (R., p. 30). In fact, the ALJ emphasized the fact that the plaintiff "... indicated that it was necessary for him to talk with clients in order to assess their insurance needs, [to] determine the appropriate types of coverage and the appropriate carriers ..." etc. (R., p. 30).

This Court agrees with the ALJ that, based on the evidence available in the factual record, plaintiff's "... expertise in the insurance field ..." generated the business revenues. (R., pp. 30, 31).

Plaintiff further argues that ALJ placed a "... grossly disproportionate ..." value on the value of the services plaintiff performed. (p. memo., p. 9). In this regard, plaintiff argues that substantial evidence in the factual record indicates that some or most of the earnings from plaintiff's insurance business were attributable to work performed on client accounts predating the plaintiff's disability and amounted to a return on capital. (p. memo., p. 9). Plaintiff contends that he is entitled to findings "... or, at least, consideration ..." with respect to the portion of earnings which were "... basically a return of capital...." (p. memo., p. 10). Plaintiff argues that had the ALJ subtracted amounts attributable to a mere "return on capital" from plaintiff's average monthly net earnings for the relevant years, plaintiff's resultant average monthly net income would have fallen below the sums specified in 20 C.F.R. § 404.1574(b)(2). (p. memo., p. 10).

However, the ALJ found that factual evidence in the record contradicted plaintiff's contention that plaintiff's income from the business was a mere return on invested capital.

The ALJ found, and this Court agrees, that the factual record "... clearly shows that [plaintiff's] agency underwrites insurance and has been active and continuously growing since he became entitled to benefits." (R., p. 30). The ALJ emphasized plaintiff's testimony that since plaintiff applied for disability benefits, the number of accounts with plaintiff's agency "... had grown from just a few ... to over 200...." (R., p. 30).

The ALJ cited additional documentary evidence to support the conclusion that plaintiff's income was not merely just a return on investment: plaintiff's income tax records established that "... the business' annual gross revenue increased by a factor of 15, from approximately $4,000.00 in 1978 to almost $60,000.00 in 1985." (R., pp. 30, 92–112). Although plaintiff testified that the business did not advertise for clients, plaintiff's income tax records reflected deductions for advertising expenses from 1980 to 1984. (R., pp. 30, 100, 103,

105–107, 109). The ALJ further cited evidence that "... despite the allegedly passive, home-bound nature of [plaintiff's] business, his income tax records also show deductions for automobile expenses, attendance at business-related seminars, and entertainment and travel expenses each year from 1977 through 1985, the last year for which tax records were offered in evidence." (R., pp. 30, 92–112).

Therefore, this Court finds the ALJ's determination that plaintiff's income for the relevant years was not just a mere return on an investment to be supported by substantial evidence in the factual record.

20 C.F.R. § 404.1575(c)(1) provides that the Secretary will consider net income from a business "substantial" under 20 C.F.R. § 404.1575(a)(3) if it averages more than the amounts contained in 20 C.F.R. § 404.1574(b)(2) (more than $260.00 per month in 1978, more than $280.00 per month in 1979 and more than $300.00 per month in 1980 and beyond). In this case, the ALJ found that plaintiff's average monthly net earnings from the years 1980 through 1984 were generally "... substantially above ..." the amounts contained in 20 C.F.R. § 404.1574(b)(2) for those years. The ALJ found that in 1980, plaintiff's average monthly net earnings were approximately $395.00, in 1981 they were approximately $566.00, in 1982 they were approximately $418.00, in 1983 they were approximately $895.00. (R., p. 31). The ALJ further noted that although in 1984 plaintiff's average monthly net earnings dipped to approximately $286.00, in 1985 "... they rebounded to $1,700.00 per month...." (R., p. 31).

> Therefore, the ALJ concluded that [b]ased on the sustained earnings exceeding the specified amount for four full years beginning January 1980, the Administration's determination that the claimant was engaging in substantial gainful activity during such period is entirely warranted under 20 C.F.R. § 404.1575(a)(3).

(R., p. 31).

The documentary evidence forming part of the factual record, supports the ALJ's conclusion that the plaintiff's income was "substantial" under 20 C.F.R. § 404.1575(c)(1) and therefore also under 20 C.F.R. § 404.1575(a)(3).

Therefore, this Court agrees with the ALJ that plaintiff engaged in substantial gainful activity under 20 C.F.R. § 404.1575(a)(3) after his trial work period had ended. As noted above, the ALJ also found that plaintiff engaged in substantial gainful activity under the alternative test contained in 20 C.F.R. § 404.1575(a)(2). Under that section, even if plaintiff's work activity was not "... fully comparable to that of an unimpaired individual ...," plaintiff would still be found to have engaged in substantial gainful activity because his work "... is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work [plaintiff is] doing."

In this case, the ALJ found that plaintiff's work was "... clearly worth the amounts specified in 20 CFR § 404.1574(b)(2) when considered in terms of its value to his business and, therefore, constitutes substantial gainful activity." (R., p. 31). Viewing the factual record which indicates that plaintiff's business depends on his singular role as the business decision maker, this Court agrees with the ALJ that plaintiff engaged in substantial gainful activity under 20 C.F.R. § 404.1575(a)(2).

Lastly, pursuant to 42 U.S.C. § 416(i)(2)(D)(ii), plaintiff's disability benefits terminated at the close of the second month following the month in which the disability ceased. Since plaintiff's disability ceased as of January 1980, plaintiff's disability benefits should terminate effective March 31, 1980.

## CONCLUSION

For the reasons set forth above, this Court finds that substantial evidence in the factual record supports the Secretary's final determination that the plaintiff engaged in substantial gainful activity and

therefore, effective March 31, 1980, was no longer entitled to receive disability insurance benefits.

## ORDER

IT IS HEREBY ORDERED, that this Court grants the Secretary's motion for judgment on the pleadings.

FURTHER, that this Court directs the Clerk of the United States District Court for the Western District of New York to dismiss the above-captioned case, in accordance with this decision.

SO ORDERED.