**Kathy M. FLOWERS, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant.**

No. 4:04CV3033.

United States District Court,
D. Nebraska.

Jan. 19, 2004.

Stephen L. Speicher, Lincoln, for Plaintiff.

Office of General Counsel, Social Security Administration, Kansas City, MO, Christian A. Martinez, Assistant United States Attorney, Omaha, for Defense.

## MEMORANDUM AND ORDER

KOPF, Chief District Judge.

This is a social security case. Although badly briefed by the government, this appeal raises an important and difficult question involving whether the Administrative Law Judge (ALJ) was allowed to use evidence of work that the plaintiff engaged in after she claimed she was disabled for the purpose of totally denying insurance benefits.[1] Finding that the ALJ should have first determined whether the plaintiff was entitled to a "trial work period" before he decided to use evidence of that alleged trial work as a basis for entirely denying her benefits, I reverse and remand.

### I. BACKGROUND

Flowers filed her applications for disability insurance benefits and supplemental security income on October 18, 1999. (Tr. 141–143 & 984–996.) She claimed disability as of January 26, 1999. (Tr. 19 & 109.) She asserted that she was disabled due to a back injury, depression, panic attacks, migraine headaches, and rapid heart beat. After taking evidence, her claim was denied by an ALJ on August 29, 2001 (Tr. 19), but the Appeals Council granted a request for review and on July 9, 2002, the Council remanded the case to the ALJ for resolution of several issues. (Tr. 119–121.)

After a second set of hearings in January and March of 2003,[2] the ALJ wrote a

---

1. It also raises more mundane issues. Because the "trial work period" argument requires remand, and since a remand may moot the other issues, I need not and do not address them.

2. The record in this case, consisting of two transcript books, is massive. Apparently, there were a total of four hearings.

very detailed single-spaced opinion dated April 23, 2003. (Tr. 19–43.) In particular, the ALJ observed that Flowers had found "work as a truck driver." (Tr. 20.)

The plaintiff started working as a truck driver in May of 2002 (more than three years after her alleged onset date and more than two years after filing her application for benefits) and she was working as a truck driver at the time of the last evidentiary hearing in March of 2003. (Tr. 19–20.)[3] The ALJ observed that Flowers had earned $16,620.96 working as a truck driver in 2002. (Tr. 20.)

The ALJ relied heavily upon this work to deny the plaintiff benefits. The ALJ stressed that the ability to work as a truck driver was found by the vocational expert to amount to "medium" work, and "this exertional ability exceeds the residual functional capacity discussed below." (Tr. 20.) The ALJ concluded that Flowers' work as a truck driver "provides significant support to the conclusion that the claimant has the ability to perform substantial gainful work activity." (Tr. 20.)

The plaintiff argued to the ALJ, as she argues here, that her work as a truck driver should have been excluded from consideration as a "trial work period." That is, since her truck-driving work was properly viewed as part of a "trial work period," a statute, specifically 42 U.S.C. § 422(c)(2), precluded the ALJ from considering that work as a reason to deny her benefits.

The ALJ considered the plaintiff's "trial work period" argument. He rejected it, stating:

> The undersigned has considered the representative's argument that the claimant's work as a truck driver should be considered a trial work period. However, since the claimant is being found not disabled because she has the residual functional capacity to perform other work that exist[s] in her regional economy as well as the national economy, this argument is not relevant. In fact, it appears to the undersigned that the claimant's work as a truck driver exceeds the residual functional capacity discussed below.

(Tr. 37.)

In the end, the ALJ found that:

* Except for her truck driving activities, Flowers had not performed substantial gainful activity since January 26, 1999. (Tr. 41.)

* Flowers had the following impairments, which were more than slight: back problems, depression, memory loss, and pain. However, these impairments were not "Listing" level impairments. (Tr. 42.)

* Flowers could not return to her past relevant work as a production machine tender and machinist. (Tr. 42.)

* Based upon the testimony of a vocational expert (Tr. 40–41), Flowers had the residual functional capacity to perform various unskilled, sedentary and light occupations, such as cashier, assembler, guard, and general office work, of which there were ample jobs. (Tr. 40–42.)

As a result, on April 23, 2003, the ALJ found that Flowers was not disabled within the meaning of the law. (Tr. 42.) The Appeals Council denied the plaintiff's request for further review on December 27, 2003. (Tr. 9–11.) This appeal followed

---

**3.** For the first time on appeal, counsel for the plaintiff advises that the plaintiff lost her trucking job on July 18, 2003, because she was not able to meet the lifting requirements. (Filing 16 (Attach. 1)). Because it was not before the ALJ or the Appeals Council, I give this evidence no significance except to the extent that it bears upon the question of whether the ALJ's decision on the "trial work period" question was harmless error.

and became ripe for decision in September of 2004.

## II. ANALYSIS

 The plaintiff complains that the ALJ failed to follow the law on "trial work periods." While I do not decide that the she was entitled to a "trial work period," I agree that Eighth Circuit precedent required the ALJ to first decide whether the plaintiff was entitled to a "trial work period" before using evidence derived from the alleged "trial work period" as a reason to deny all insurance benefits.[4]

### A. "TRIAL WORK PERIOD" STATUTE

At it pertains to disability insurance benefits (as opposed to supplemental security income), 42 U.S.C. § 422(c)(1)-(4)(2004) authorizes a "trial work period." The pertinent portion of the "trial work" statute states:

(c) "Period of trial work" defined

(1) The term "period of trial work," with respect to an individual entitled to benefits under section 423, 402(d), 402(e), or 402(f) of this title, means a period of months beginning and ending as provided in paragraphs (3) and (4).

(2) For purposes of sections 416(i) and 423 of this title, *any services rendered by an individual during a period of trial work shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period.* For purposes of this subsection the term "services" means activity (whether legal or illegal) which is performed for remuneration or gain or is determined by the Commissioner of Social Security to be of a type normally performed for remuneration or gain.

(3) *A period of trial work for any individual shall begin with the month in which he becomes entitled to disability insurance benefits,* or, in the case of an individual entitled to benefits under section 402(d) of this title who has attained the age of eighteen, with the month in which he becomes entitled to such benefits or the month in which he attains the age of eighteen, whichever is later, or, in the case of an individual entitled to widow's or widower's insurance benefits under section 402(e) or (f) of this title who became entitled to such benefits prior to attaining age 60, with the month in which such individual becomes so entitled. Notwithstanding the preceding sentence, no period of trial work may begin for any individual prior to the beginning of the month following September 1960; and no such period may begin for an individual in a period of disability of such individual in which he had a previous period of trial work.

(4) A period of trial work for any individual shall end with the close of whichever of the following months is the earlier:

(A) the ninth month, in any period of 60 consecutive months, in which the individual renders services (whether or not such nine months are consecutive); or

(B) the month in which his disability (as defined in section 423(d) of this title) ceases (as determined after application of paragraph (2) of this subsection).

42 U.S.C. § 422(c)(1)-(4) (2004) (emphasis added).

982 F.2d 308, 311 (8th Cir.1992).

---

**4.** This is a question of law and the standard of review is de novo. *See e.g., Smith v. Sullivan,*

### B. "TRIAL WORK PERIOD" REGULATION

In pertinent part, the "trial work period" regulation states the following:

(a) Definition of the trial work period. The trial work period is a period during which you may test your ability to work and still be considered disabled. It begins and ends as described in paragraph (e) of this section. During this period, you may perform "services" (see paragraph (b) of this section) in as many as 9 months, but these months do not have to be consecutive. *We will not consider those services as showing that your disability has ended until you have performed services in at least 9 months.* However, after the trial work period has ended we will consider the work you did during the trial work period in determining whether your disability ended at any time after the trial work period.

. . . .

(c) Limitations on the number of trial work periods. You may have only one trial work period during a period of entitlement to cash benefits.

(d) Who is and is not entitled to a trial work period.

(1) *You are generally entitled to a trial work period if you are entitled to disability insurance benefits,* child's benefits based on disability, or widow's or widower's or surviving divorced spouse's benefits based on disability.

(2) You are not entitled to a trial work period—

(i) If you are entitled to a period of disability but not to disability insurance benefits, and you are not entitled to any other type of disability benefit under title II of the Social Security Act (i.e., child's benefits based on disability, or widow's or widower's benefits or surviving divorced spouse's benefits based on disability);

(ii) If you perform work demonstrating the ability to engage in substantial gainful activity during any required waiting period for benefits;

(iii) If you perform work demonstrating the ability to engage in substantial gainful activity within 12 months of the onset of the impairment(s) that prevented you from performing substantial gainful activity and before the date of any notice of determination or decision finding that you are disabled; or

(iv) For any month prior to the month of your application for disability benefits (see paragraph (e) of this section).

(e) When the trial work period begins and ends. The trial work period begins with the month in which you become entitled to disability insurance benefits . . . . It ends with the close of whichever of the following calendar months is the earliest:

(1) The 9th month (whether or not the months have been consecutive) in which you have performed services if that 9th month is prior to January 1992;

(2) The 9th month (whether or not the months have been consecutive and whether or not the previous 8 months of services were prior to January 1992) in which you have performed services within a period of 60 consecutive months if that 9th month is after December 1991; or

(3) The month in which new evidence, other than evidence relating to any work you did during the trial work period, shows that you are not disabled, even though you have not worked a full 9 months. We may find that your disability has ended at any time during the trial work period if the medical or other evidence shows that you are no longer disabled. See § 404.1594 for information on how we decide whether your disability continues or ends.

20 C.F.R. § 404.1592 (2005) (emphasis added).

## C. EIGHTH CIRCUIT PRECEDENT

The "trial work period" statute and regulations[5] have been interpreted by the United States Court of Appeals for the Eighth Circuit to mean that a "claimant may thus actually become entitled to disability benefits before adjudication of his claim" and, therefore, the "language in the statutes and regulations does not require that a trial work period be conditioned on a prior receipt of benefits." *Newton v. Chater,* 92 F.3d 688, 694 (8th Cir.1996). The Court of Appeals explicitly rejected the Commissioner's assertion that "only those claimants who are awarded and receiving benefits may have a trial work period." *Id.* at 693–94.

Important to this case, the Court of Appeals also held that, where the claimant Newton's onset date was October 30, 1992, *id.* at 690, the Commissioner "erred in considering [the plaintiff's] summer 1994 work as evidence of substantial gainful activity to support a finding of no disability

without first determining whether he had been entitled to a trial work period during that time." *Id.* at 694 (emphasis added).[6] If the claimant was entitled to a "trial work period," the "[w]ork performed during the trial period may *only* be considered in determining whether *a disability ended* at some point *after the trial period.*" *Id.* at 692 (citing 20 C.F.R. § 404.1592(a)) (emphasis added).

If *Newton* applies, then reversal and remand is required. That is because under *Newton,* the ALJ was *first* required to determine whether Flowers was entitled to a "trial work period" *before* using the evidence of her alleged "trial work" as a reason to deny her all insurance benefits.[7] The ALJ declined to do so, contending that the "trial work period" argument was not relevant. The question in this case is whether that decision was legally erroneous.

## D. APPLICATION OF EIGHTH CIRCUIT PRECEDENT

Aside from the question of disability, the Commissioner concedes that the plaintiff satisfied the time requirements[8] prior to

---

5. The statute and regulations have changed somewhat since *Newton,* but the parties do not explain how they have changed or if such changes make a difference to the issue in this case. On the question presented to me in this case, I find no material difference between the statute and regulations reviewed by *Newton* and the statute and regulations before me.

6. Although the parties do not discuss the question, it does not appear that the claimant is entitled to a "trial work period" for her supplemental security income claim. *Newton,* 92 F.3d at 692 n.1 (stating that the Employment Opportunities for Disabled Americans Act, Pub. L. No. 99–643, 100 Stat. 3574 (1986), amended 42 U.S.C. § 1382c by eliminating provisions on trial work periods). Because the ALJ's opinion dealt with the claims for insurance benefits and SSI as if they were one, and because remand is required on the insurance benefits claim due to the "trial work period" question, it is not sensible to try to tease out of the ALJ's opinion a separate

and distinct rationale for affirming or reversing the SSI decision. Thus, the entire case will be subject to remand, just as it was in *Newton. Id.* at 696.

7. Without using evidence derived from the alleged "trial work period," the ALJ would determine eligibility for a "trial work period" by deciding whether prior to the alleged "trial work period" the claimant was *"entitled to disability insurance benefits."* 20 C.F.R. § 404.1592(d)(1) (2005) (emphasis added).

8. There are time requirements for benefits. Benefits cannot be paid until there are five consecutive months of "disability," with "disability" being defined as an "inability to engage in any substantial gainful activity" which "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(a), (c)(2), (d)(1)(A). The regulations state that one cannot begin a "trial work period" until these time requirements are satisfied. 20 C.F.R.

beginning her alleged "trial work period."[9] Nevertheless, the Commissioner argues that the plaintiff is not entitled to a "trial work period" because: (1) according to the regulations, " '[t]he trial work period begins with the month in which you become entitled to disability insurance benefits[,]' " (2) the "ALJ found that Plaintiff was not disabled[,]" and (3) "[t]hus, Plaintiff never became entitled to disability insurance benefits and was not entitled to a TWP [trial work period]." (Filing 20 (Def.'s Answer Br. at 23) (quoting 20 C.F.R. § 404.1592(e)(1) (2004)).)

Unfortunately for the Commissioner, this is precisely the same argument that *Newton* rejected.[10] For the reasons expressed by the Court of Appeals, the repetition of the argument rejected in *Newton* is unpersuasive. More importantly, urging the adoption of an argument rejected by a superior court to a judge of an inferior court (such as myself) exemplifies a grave misunderstanding of the law.

 The Commissioner refers[11] to a statement contained in a Federal Register notice dated July 11, 2000. *See* 65 Fed. Reg. 42772–01 (July 11, 2000) (describing proposed changes to regulations on trial work periods); *available at* 2000 WL 925487. One of the statements contained in the notice, and the statement relied upon by the government here, was that: "[A] claimant who does not become entitled to disability benefits cannot receive a trial work period." *Id.* at 42774. However, the Commissioner ignores the subsequent qualifying statement, which mirrors the facts of this case, that "*a person may be awarded a trial work period as part of the adjudication of an initial application when he or she returns to work more than 12 months from onset, but prior to the adjudication and prior to the receipt of any disability benefits.*" *Id.* (emphasis added). In short, and as pertinent to this case,[12] there is nothing in the Federal Register notice that contradicts *Newton.* If anything, the qualifying language just quoted reinforces, rather than detracts from, Flowers' potential eligibility for a trial work period.

Lastly, the Commissioner, without explanation as to the significance of the point, notes that the Social Security Administration no longer acquiesces in the *Newton* decision and, in that context, the Commissioner refers (using an incomplete citation) to *Barnhart v. Walton,* 535 U.S. 212, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002).[13] The Commissioner's unexplained

---

§§ 404.1592(d)(2)(ii) & (iii) (2005) (a person is "not entitled to a trial work period ... [i]f [he or she] perform[s] work demonstrating the ability to engage in substantial gainful activity during any required waiting period for benefits" or "if [he or she] perform[s] work demonstrating the ability to engage in substantial gainful activity within 12 months of the onset"). *See, e.g., Dierks v. Apfel,* 63 F.Supp.2d 1028, 1034 (D.Neb.1999) (discussing time requirements for "trial work period" eligibility).

**9.** The government's brief states: "Neither the duration requirement nor a return to work within twelve months of Plaintiff's alleged onset date is an issue in this case." (Filing 20 (Def.'s Answer Br. at 23)).

**10.** For example, the Court of Appeals specifically recognized that the then-existing statute and regulation provided that the trial work period "begins with the month in which the individual becomes entitled to disability insurance benefits." *Newton,* 92 F.3d at 693. Like the language from the regulation relied upon by the government in this case, the Court of Appeals used the words "entitled to ... benefits" when deciding *Newton* and rejecting the government's argument.

**11.** Filing 20 (Def.'s Answer Br. at 23).

**12.** Recall that the time requirements for a "trial work period" have been satisfied in this case.

**13.** Filing 20 (Def.'s Answer Br. at 24–25) (citing 67 Fed. Reg. 39781–82 (June 10, 2002), *available at* 2002 WL 1752001).

presentation of this information is both confusing and seemingly irrelevant.

The Commissioner does not assert that *Walton* or the non-acquiescence notice answers the question in this case. As a result, I am perplexed by, and left to guess at the possible relevance of, these references. Indeed, if *Newton* was not reversed by the Supreme Court on the question presented in this case, the government's non-acquiescence in *Newton* is meaningless. Until it is reversed or rescinded by a higher court, as a judge of an inferior court, I am bound to follow *Newton* whether or not the government acquiesces.

With the foregoing in mind, I next examine the *Walton* decision and the non-acquiescence notice. My effort is to try to understand whether these citations have any bearing on the question presented in this case.

As is pertinent here, *Walton* reviewed a social security regulation that could be interpreted to prohibit a claimant from engaging in trial work within 12 months of the onset date and prior to a decision on the claimant's application. *Id.* at 222–25, 122 S.Ct. 1265. The Supreme Court held that the government's interpretation of the regulation was reasonable, and, therefore, a claimant could not engage in a "trial work period" within 12 months of the onset date if the claimant had not yet been awarded benefits. *Id.* at 223, 122 S.Ct. 1265 (approving 20 C.F.R. § 404.1592(d)(2) (2001)).

As earlier noted, the *Walton* timing question is not presented here; the government admits that the time requirements are not at issue. I am, therefore, at a loss to determine what significance *Walton* has to this case.

Moreover, the government's non-acquiescence in *Newton* was predicated upon *Walton*. The government gave notice that it would no longer follow *Newton* and oth-er cases to the extent that those cases held that a claimant could engage in trial work "when a claimant returns to work within 12 months of the alleged disability onset date." 67 Fed. Reg. 39782 (June 10, 2002), *available at* 2002 WL 1752001. In the non-acquiescence notice, the government did not address the pertinent question of whether, assuming the 12–month time requirement was satisfied, the ALJ was *first* required (as under *Newton*) to determine whether the claimant was entitled to a "trial work period" *before* using the evidence of her alleged "trial work" as a reason to deny her all insurance benefits.

### III. CONCLUSION

I am bound to follow *Newton*. So is the government. Since the ALJ did not do so, I must reverse and remand.

 Without using evidence derived from the alleged "trial work period," the ALJ must first determine the claimant's eligibility for a "trial work period" by deciding whether prior to the alleged "trial work period" the claimant was "entitled to disability insurance benefits." 20 C.F.R. § 404.1592(d)(1) (2005). If the claimant is entitled to a "trial work period," then the ALJ is limited in how he may use the evidence derived from that activity; that is, "after the trial work period has ended [the ALJ could] consider the work [done by the claimant] during the trial work period in determining whether [the claimant's] disability ended at any time after the trial work period" and for no other purpose. 20 C.F.R. § 404.1592(a). If, on the other hand, the claimant is not entitled to a "trial work period," then the ALJ is free to use the evidence derived from that activity for whatever relevant purpose it may have in deciding whether to award benefits.

IT IS ORDERED that judgment will be entered by separate document for the

plaintiff and against the defendant reversing the decision denying benefits and remanding this case for further proceedings consistent with this opinion.

## JUDGMENT

Pursuant to the memorandum and order entered this date,

IT IS ORDERED that judgment is entered for Plaintiff, Kathy M. Flowers, and against Defendant pursuant to the fourth sentence of 42 U.S.C. § 405(g), reversing the decision appealed from and remanding this case for further proceedings.